IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEANDRE Q. NEWELL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 7565 |
| | ) | |
| **COOK COUNTY D.O.C.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pro se prisoner plaintiff Deandre Newell ("Newell") has utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" ("Complaint") to sue the Cook County Department of Corrections (the "County Jail," where he is in custody) for having assertedly violated his constitutional rights. As is frequently the case with such prisoner lawsuits, Newell has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). This memorandum order is issued sua sponte because Newell has failed to take two steps that must be dealt with at the outset to enable him to enter the federal courthouse door in the figurative sense.[1]

First as to the Application, Newell has totally failed to comply with the terms of its all-capital-letter boldface "NOTICE TO PRISONERS" that underlines for emphasis the

---

[1] Although this memorandum order will therefore not speak to the merits of Newell's attempted claims in most respects, it would appear that the County Jail is not a proper defendant to this Section 1983 action. But Newell's lawsuit will not be dismissed on that basis at the outset, for this Court will follow its customary practice of forgoing such dismissal until Newell (or his lawyer, if one is provided to him) can sort out the proper defendant or defendants.

requirement that "a prisoner must also attach a print-out from the institution(s) where he or she has been in custody during the last six months showing all receipts, expenditures and balances in the prisoner's prison or jail trust fund accounts during that period." Accordingly Newell is ordered to file, on or before August 26, 2016, such a printout in duplicate covering all transactions from January 19 to July 25, 2016, so that this Court can make the necessary calculation called for 28 U.S.C. § 1915. Importantly, that obligation must be complied with by Newell whether or not his response discussed in the next paragraph discloses his having exhausted the administrative remedies referred to there.

More critically, neither the Complaint ¶ IV Statement of Claim nor any other part of the Complaint says a word to address the precondition imposed by 42 U.S.C. § 1997e(a): the obligation to exhaust all available administrative remedies before bringing suit. Newell is therefore also granted until August 26 to supply a proper showing of such exhaustion, failing which this action will have to be dismissed.[2]

_____
Milton I. Shadur
Date: August 3, 2016     Senior United States District Judge

---

[2] It is noted that Newell did not present enough copies of the Complaint to permit service of process on the County Jail. Valdivia is informed that this District Court's rules require parties to provide two copies of all filings, one for the court file and the other as a judge's courtesy copy. Consequently the filing ordered here should be in duplicate, with one counterpart being mailed to the Clerk's Office and the other to this Court's chambers:

> Honorable Milton Shadur
> United States District Court
> 219 South Dearborn Street
> Suite 2388
> Chicago, Illinois 60604.