# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **DEANDRE Q. NEWELL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 7565 |
| | ) | |
| **COOK COUNTY D.O.C.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On August 3, 2016 this Court issued a sua sponte memorandum order ("Order") in this action by pro se prisoner plaintiff Deandre Newell ("Newell") "because Newell has failed to take two steps that must be dealt with at the outset to enable him to enter the federal courthouse door in the figurative sense." That said, the Order went on to identify the two deficiencies in Newell's filing and set an August 26 deadline for him to cure those flaws with one or two added filings. When August 26 then came and went without this Court having received the Judge's Copy of any filing by Newell in compliance with the Order, this Court obtained a copy of the docket and learned that Newell had indeed transmitted two filings to this District Court in the interim:

1. Dkt. No. 6, received in the Clerk's Office on August 12, included two photocopies of a document that this Court has attached as Ex. 1 to this memorandum order.

2. Dkt. No. 7 is a hand-printed "To whom it may concern" page dated August 15 and received in the Clerk's Office on August 18 -- a filing that conveyed information about Newell's transfer to Vandalia Correctional

Center after he had been convicted and then sentenced July 20, 2016 to a three-year term in custody.

What the document attached as Ex. 1 confirms is that Newell has not provided the information necessary to establish his compliance with the precondition to suit described in this final paragraph of the Order:

> More critically, neither the Complaint ¶ IV Statement of Claim nor any other part of the Complaint says a word to address the precondition imposed by 42 U.S.C. § 1997e(a): the obligation to exhaust all available administrative remedies before bringing suit. Newell is therefore also granted until August 26 to supply a proper showing of such exhaustion, failing which this action will have to be dismissed.

Instead Ex. 1 reflects that Newell was expressly notified (1) of the administrative procedure for investigation of his grievance and, more importantly, (2) of his obligation to follow up on the matter with the Office of Professional Review or the Divisional Superintendent -- and Newell has said nothing at all to indicate any compliance on his part with that request for a follow-up. That brings into play the final sentence of the excerpt from the Order quoted earlier. In accordance with the forecast there this action is indeed dismissed, and that causes his Dkt. No. 4 motion to be denied as moot.

Despite such dismissal, Newell remains obligated to comply with his obligation under 28 U.S.C. § 1915 ("Section 1915") to pay the filing fee in future installments -- another matter that was dealt with in the Order but as to which there has been no response from Newell. This Court accordingly renews this portion of the Order, substituting a new compliance date of September 27, 2016 for the originally-set August 26:

Accordingly Newell is ordered to file, on or before September 27, 2016, such a printout in duplicate covering all transactions from January 19 to July 25, 2016, so that this Court can make the necessary calculation called for 28 U.S.C. § 1915.

Hence his Dkt. No. 3 motion is granted under the special terms of Section 1915.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 30, 2016

Inmate Grievance Number: **2016x5239**

Your allegation(s) have been forwarded to the Offices of Professional Review and Divisional Superintendent for review and/or investigation.

You may follow-up with the Office of Professional Review by contacting their office directly *or* submitting an inmate request form, to speak with the Divisional Superintendent.

Office of Professional Review
3026 S. California Ave
Building 4 / 4th floor
Chicago, Illinois 60608



INMATE COPY

Ex. 1